## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEMARKO STEWARD,                       )
                                       )
        **Petitioner/Defendant,**      )
                                       )    **CIVIL NO. 10-cv-922-JPG**
vs.                                    )
                                       )    **CRIMINAL NO. 08-cr-30060**
UNITED STATES of AMERICA ,             )
                                       )
        **Respondent/Plaintiff.**      )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. On July 10, 2008, Petitioner pled guilty to distribution of over 5 grams of cocaine base, distribution of cocaine base, distribution of cocaine, and felon in possession of a firearm in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii); 841(a)(1) and (b)(1)(C); and 18 U.S.C. § 922(g)(1), and was ordered to forfeit his firearm pursuant to 18 U.S.C. § 924(d). On December 11, 2008, Petitioner was sentenced to 200 months and 120 months of imprisonment to run concurrently, 4 years and 3 years supervised release to run concurrently, a fine of $500, and a special assessment of $400. Petitioner's conviction and sentence were vacated on direct appeal and the case was remanded for resentencing based on the Court's use of the armed career criminal enhancement. *USA v. Steward*, 339 F. App'x 650 (7th Cir. 2009)(Court improperly referred to sentencing guidelines as 'the law'). Petitioner was then resentenced on November 13, 2009, to 144 months and 120 months of imprisonment to run concurrently, 4 years supervised release, a fine of $500, and a special assessment of $400.

In his § 2255 motion, Petitioner lists two grounds for relief: his sentence is unreasonable, and

his firearm did not meet the statutory definition of 'firearm' pursuant to 18 U.S.C. § 922(g). The Court will discuss these grounds in turn.

### A. Sentence is unreasonable

Petitioner begins this argument with a diatribe on the fallacies of the sentencing guidelines. He states that the use of these guidelines violates the constitutional principle of the separation of powers. Petitioner describes the use of sentencing guidelines as "a political fashion that destroyed a judge's independence in the function of looking a defendant in the eye and deciding whether, or how much, imprisonment is necessary to Justice." (Doc. 3 p. 15). Petitioner goes so far as to argue that it is an abuse of discretion to use the sentencing guidelines because to do so robs the sentencing judge of his own discretion in sentencing. Petitioner refers to this phenomenon as "guidelineitis" (Doc. 3 p. 21). Petitioner does concede, however, that the Court in *U.S. v. Booker*, 543 U.S. 220 (2005), stated that 18 U.S.C. § 3553(b)(1), which made the guidelines mandatory, was incompatible with the Sixth Amendment. The Court thereafter held that after modification to this statute, the sentencing guidelines became advisory in nature, requiring a sentencing court to consider the guidelines, but allowing it to make its own sentencing determination. *Id.*

Petitioner attempts to argue that he was sentenced "in a mechanized fashion without considering his individual circumstances" (Doc. 3 p. 19). Petitioner alleges that this amounted to an abuse of discretion on the part of the Court, as it became clear that the Court had considered the sentencing guidelines in determining his sentence. However, as the Supreme Court stated in *Booker*, sentencing courts may use the guidelines for advisory purposes. The *Booker* case held that the guidelines became advisory, not that they became obsolete. Though Petitioner believes that the guidelines are a "dangerous innovation" which has "undermined the integrity of the judiciary" (Doc.

3 p. 18), the fact remains that sentencing courts are not estopped from using these guidelines in sentencing determinations.

Petitioner attempts to bolster his unreasonable sentence argument by contending that this Court should not have presumed that the guidelines were reasonable. In essence, Petitioner is arguing that because he believes the guidelines are unreasonable, and this Court used the guidelines in making its sentencing determination, the sentence thus must be unreasonable. However, as stated above, this Court was within its authority to consider the guidelines in making its sentencing determination. Because the guidelines are no longer mandatory, should a sentencing court determine that the sentences recommended are unreasonable, that court may deviate from those guidelines and impose its own reasonable sentence. Simply because this Court elected to consider the guidelines in its sentencing determination does not automatically make that sentence unreasonable, as Petitioner seems to suggest. As such, this Court finds that its use of the sentencing guidelines in making its sentencing determination was proper, and that the sentence it imposed on Petitioner was not unreasonable.

### B. Firearm enhancement

Petitioner next argues that because the firearm he possessed at the time of his arrest was inoperable, he should not have received a sentencing enhancement. He argues that 18 U.S.C. § 922(g)(1) is inapplicable to inoperable firearms. Section 922(g)(1) states, in relevant part, that:

> it shall be unlawful for any person who had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). Petitioner was convicted on March 29, 1996, of a felony punishable by

imprisonment for a term exceeding one year, so this provision expressly applies to him. However, Petitioner alleges that the term 'firearm' was meant to include only a firearm that "will or is designed to or may readily be converted to expel a projectile by the action of an explosive." *See* 18 U.S.C. § 921(a)(3); (Doc. 3 p. 24). Petitioner states that after his arrest, his weapon had to be repaired before it could be test fired, and that this clearly shows it was an inoperable weapon that was not readily "converted to expel a projectile." Because his gun did not meet the statutory definition of a firearm, Petitioner argues that he should not have been charged with a violation of 18 U.S.C. § 922(g)(1), and thus it should not have been factored into his sentencing. Petitioner makes a compelling argument regarding whether inoperable firearms are in fact "firearms" within the meaning of the United States Code. For this reason, the Court cannot summarily dismiss this argument without further briefing from the parties.

**Disposition:**

The Court **ORDERS** the Government to file a response to Petitioner's motion in regards to the inoperable firearm argument at subsection B of this order within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED**.

**DATED: April 21, 2011**

*s/J. Phil Gilbert*
**United States District Judge**

sd