# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEMARKO STEWARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil No. 10-cv-922-JPG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Criminal No. 08-cr-30060-JPG |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner DeMarko Steward's amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 (Doc. 3). The government has responded to the motion (Doc. 7).

**I.    Background**

On March 20, 2008, Steward was indicted on two counts of distributing crack cocaine, one count of distributing cocaine, one count of possessing a firearm as a felon and one count for forfeiture of that firearm. Steward pled guilty on July 10, 2008, to the drug and firearm counts.

On December 11, 2008, the Court held a sentencing hearing at which the Court found that Steward was a career offender under United States Sentencing Guidelines Manual[1] ("U.S.S.G.") § 4B1.1(a), which resulted in a base offense level of 34. *See* U.S.S.G. § 4B1.1(b). The Court reduced Steward's offense level by 3 points under U.S.S.G. § 3E1.1(a) and (b) for accepting responsibility for his offense, resulting in a total offense level of 31. In light of his criminal history category of VI, also because of his career offender status, *see* U.S.S.G. § 4B1.1(b), his sentencing range was 188 to 235 months on the drug counts and 120 months on the gun count. The Court sentenced Steward to serve 200 months on the drug counts and 120 months on the gun count, all to run concurrently.

---

[1] Unless otherwise noted, the references to the guidelines in this order are to the 2007 United States Sentencing Guidelines Manual.

On December 18, 2008, Steward appealed to the Seventh Circuit Court of Appeals, where he argued that the Court should not have applied the career offender guideline to him and that his sentence was unreasonable in light of the other sentencing factors listed in 18 U.S.C. § 3553(a), including the fact that his drug dealing activities were relatively low-level . On August 4, 2009, the Court of Appeals held that the Court was right to use the career offender guideline provision to determine Steward's guideline range, but that the Court had insufficiently explained its weighing of the § 3553(a) factors to arrive at Steward's 200-month sentence. Accordingly, it remanded the case for resentencing. *See United States v. Steward*, No. 08-4238, 339 Fed. App'x 650, 2009 WL 2382166 (7th Cir. Aug. 4, 2009). Steward did not petition the Supreme Court for a writ of *certiorari*.

On November 13, 2009, the Court resentenced Steward, considering the same guideline range findings it made in its original sentencing, to serve 144 months on the drug counts and 120 months on the gun count, all to run concurrently. Steward did not appeal this sentence.

Steward filed this § 2255 motion on November 15, 2010, and amended that motion on April 15, 2011. In it, he argues that the Guidelines are unconstitutional, that his sentence is unreasonable under 18 U.S.C. 3553(a), and that the Court erred in calculating his sentencing range under the Guidelines.

In response, the Government argues that Steward has procedurally defaulted on the arguments he raises because he could have but did not raise them on direct appeal. Alternatively, it argues his points have no merit.

**II.    § 2255 Standard**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Relief under § 2255 is available only if an error is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United*

2

*States*, 113 F.3d 704, 705 (7th Cir. 1997) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

A § 2255 motion does not substitute for a direct appeal. A defendant cannot raise in a § 2255 motion constitutional issues that he could have but did not raise in a direct appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt*, 83 F.3d at 816. A defendant cannot raise in a § 2255 motion nonconstitutional issues that he failed to raise on direct appeal regardless of cause and prejudice. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000).

Neither is a § 2255 motion necessarily a second chance at a successful appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Applying the "law of the case" doctrine, the Court may refuse to consider issues in a § 2255 motion that a defendant raised on direct appeal where there are no changed circumstances of fact or law. *Id.*; *Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005); *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992).

**III.     Analysis**

    A.     <u>Constitutional Issues</u>

Steward argues that the United States Sentencing Guidelines are unconstitutional because they violate the principle of separation of powers. He did not raise this issue in the direct appeal of his first sentence and did not appeal his resentencing, and he has not offered any good cause for failing to do so. He could have raised the issue at either time, for the basis for his argument can be found in the record of this case and in legal authority in existence at the time.

Furthermore, Steward suffered no prejudice from failing to make the separation of powers argument, which was rejected long ago in *Mistretta v. United States*, 488 U.S. 361, 396-97 (1989). Although Steward argues the factual situation has changed since *Mistretta* was decided, *Mistretta* is still binding law. It is unreasonable to believe the Seventh Circuit Court of Appeals might have ignored *Mistretta* and ruled in Steward's favor had he articulated his argument there. In sum, Steward has not demonstrated he suffered any actual prejudice from failing to raise the separation of powers argument on direct appeal.

Because Steward has not shown cause or prejudice or that the failure to consider his separation of powers argument would result in a fundamental miscarriage of justice, Steward cannot raise that argument in this § 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).

B.   Non-Constitutional Issues

To the extent Steward asks the Court to vacate his sentence because it erred in determining his guideline range under the career offender guideline provisions, the Seventh Circuit Court of Appeals squarely rejected that argument on the direct appeal of Steward's original 200-month sentence. Steward has pointed to no changed circumstances of fact or law that warrant revisiting that issue. Thus, the Court declines to consider that argument in this § 2255 motion. *See Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007); *Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005); *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992).

Steward also asks the Court to vacate his 144-month sentence because it was unreasonable in light of the § 3553(a) factors and because the Court erred in calculating his guideline range by incorrectly grouping offenses and imposing a firearm enhancement. Steward could have raised those issues by directly appealing the Court's resentencing judgment, but he did not do so. Thus, he cannot raise those

issues now in a § 2255 motion. *See Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000).

In light of Steward's procedural default of all the issues he seeks to raise in this § 2255 motion, the Court declines to consider the merits of his arguments.

**IV.     Conclusion**

For the foregoing reasons, the Court **DENIES** Steward's amended § 2255 motion (Doc. 3) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  May 9, 2011**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **U.S. DISTRICT JUDGE**